UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hilario Hernandez-Munoz, ) | Case No. 8:15-cv-3252-MGL-JDA |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| B.J. Meeks, Warden, ) | |
| Respondent. ) | |

This matter is before the Court on Respondent's motion to dismiss or, in the alternative, for summary judgment. [Doc. 12.] At the time the Petition was filed, Petitioner was a federal prisoner, proceeding pro se, seeking relief pursuant to 28 U.S.C. § 2241. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 11, 2015.[1]  On October 15, 2015, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 12.] On October 16, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 13.] Petitioner's response in

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on August 11, 2015. [Doc. 1-1 (envelope stamped by correctional institution on August 11, 2015).]

opposition was filed on October 28, 2015.[2] [Doc. 19.] Petitioner has now filed a change of address [Doc. 24] to notify the Court that he is residing at a private address in Harlingen, Texas, and the Bureau of Prison's website confirms that Petitioner has been released from prison. Accordingly, the Petition must be dismissed as moot.

## BACKGROUND

Petitioner challenges his disciplinary action for the prohibited act of Use of the Mail for Illegal Purposes in violation of Code 196. [Doc. 1 at 2.] Petitioner received the disciplinary conviction while incarcerated at the McRae Correctional Facility in McRae, Georgia. Petitioner seeks an order of expungement of the incident report and the restoration of forty-one days good time credit. [*Id.* at 8.] Petitioner was incarcerated at the Federal Correctional Institution Williamsburg, in Salters, South Carolina, when he filed the instant Petition. On November 9, 2015, Petitioner was released from federal custody due to the expiration of his sentence. [Doc. 24 (notice of Petitioner's change of address to a private address); *see also* https://www.bop.gov (BOP Inmate Locator indicating Petitioner was released on November 9, 2015).]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Gordon v. Leeke*, 574

---

[2] The Clerk did not receive Petitioner's response directly from Petitioner. However, the United States Attorney's Office for the District of South Carolina forwarded to the Court the response they received from Petitioner.

F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Haines*, 404 U.S. at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the petitioner can prove no set of facts which would support his claim and entitle him to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the [petition] in a light most favorable to the [petitioner]." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the [petition's] allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

**DISCUSSION**

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A case becomes moot when the issues presented are no longer live, or when the parties lack a cognizable interest in the outcome. Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir.1994); *Lane v. Williams*, 455 U.S. 624, 631 (1982) (holding that habeas petitions were moot after prisoners' sentences expired and where prisoners had attacked only their sentences). Federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." *Incumaa v. Ozmint*, 504 F.3d 281, 286 (4th Cir. 2007) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam)).

It is well-settled that an individual must be "in custody" under the conviction or sentence under attack in order to be eligible for federal habeas corpus relief. 28 U.S.C. § 2241(c). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). It is undisputed that Petitioner was in custody when he filed this Petition. However, the issue is whether Petitioner's release moots his Petition because it no longer presents a case or controversy under Article III, § 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–478 (1990).

For a habeas petition to present a live case and controversy after a petitioner has been released from custody, the petitioner must continue to suffer actual collateral

consequences from his conviction or deportation. *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). In other words, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *SW Williamson Cty. Cmty. Ass'n, v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained.

*Spencer*, 523 U.S. at 7.

Here, Petitioner completed his federal sentence and was released from custody on November 9, 2015. [Doc. 24.] Petitioner's petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody. The Court can no longer grant Petitioner the relief requested, namely, reinstatement and award of forty-one days good time credit. Accordingly, Petitioner's claim is rendered moot by virtue of his release from custody and the fact that he has not alleged any collateral consequences.[3] Therefore, the Petition should be dismissed.

---

[3] Respondent asserts that Petitioner did not properly exhaust his administrative remedies. [Doc. 12 at 3–6.] Further, Respondent argues that the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974), were afforded to Petitioner at his disciplinary hearing, and that there was sufficient evidence presented to show Petitioner committed the illegal use of mail offense. [Doc. 12 at 10–13.] The Court declines to address the merits of Respondent's arguments because Petitioner was released from federal custody and his claim was rendered moot.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the Petition be DISMISSED as moot.

IT IS SO RECOMMENDED.

                                           s/Jacquelyn D. Austin
                                           United States Magistrate Judge

April 20, 2016
Greenville, South Carolina